IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THE PEOPLE OF THE STATE OF
CALIFORNIA,

        Plaintiff,                           No.2:13-cv-0091 GEB AC PS

    vs.

KARL WICHELMAN,                ORDER AND

        Defendant.                   FINDINGS & RECOMMENDATIONS

_____/

        Defendant is proceeding in this removed action pro se.  Defendant seeks relief pursuant to and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302(c)(21).

        Defendant has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The right to remove a case to federal court is entirely a creature of statute. See, e.g., Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress. We look to federal law to determine whether the elements of removal jurisdiction have been

established under the statutes, keeping in mind that removal statutes are strictly construed against removal" (citations omitted)).  The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states.  See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. § 1446 (setting forth removal procedures generally); § 1453 (setting forth removal procedures for class actions). Only those state court actions that could originally have been filed in federal court may be removed.  28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending ...").

Here, this action was removed from the Sacramento County Superior Court by defendant Karl Wichelman.  However, review of the Notice of Removal and the accompanying exhibits reveals that defendant is attempting to remove an action that he himself initially filed in the state court.  See Notice of Removal ("NOR") at 7.  Although the caption of the complaint, titled "Writ of Habeas Corpus from Involuntary Commitment under W&I Sec. 5150," identifies Wichelman as the defendant, it is evident that the complaint was in fact filed by Wichelman challenging his June 16, 2012 involuntary commitment pursuant to California Welfare and Institutions Code § 5150[1] for lack of probable cause.

---

[1] Section 5150 provides, in part:

> When any person, as a result of mental disorder, is a danger to others, or to himself or herself, or gravely disabled, a peace officer, member of the attending staff, as defined by regulation, of an evaluation facility designated by the county, designated members of a mobile crisis team provided by Section 5651.7, or other professional person designated by the county may, upon probable cause, take, or cause to be taken, the person into custody and place him or her in a facility designated by the county and approved by the State Department of Social Services as a facility for 72-hour treatment and evaluation.

Wichelman's attempt to remove his own action is improper. As expressly stated in the removal statute, 28 U.S.C. § 1441(a), only a "defendant" or "defendants" may remove a state action to federal court. There is no provision for a filing party to remove his or her own action. It is unclear why Wichelman has pursued this route for bringing his action to federal court rather than filing it here in the first instance. In any event, removal is improper. Accordingly, this action must be dismissed. If Wichelman intends to seek review of his involuntary commitment, he must initiate suit here.

Based on the foregoing, IT IS HEREBY ORDERED that Wichelman's motion to proceed in forma pauperis is granted; and

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: March 19, 2013.

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;wich0091.ifp.grant.dism